**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13665

Non-Argument Calendar

_____ _____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RANDALL DEMETRIUS BROADEN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:23-cr-00355-ECM-KFP-1

_____

Before ABUDU, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Randall Broaden appeals his conviction for possession of a firearm as a felon and his 105-month imprisonment sentence.

After careful consideration, we conclude that the district court did not err by denying Broaden's motion to dismiss the indictment because this Court's binding precedent holds that 18 U.S.C. § 922(g)(1) is constitutional.  Further, Broaden fails to show that the district court's sentence was procedurally or substantively unreasonable.  We thus affirm.

## I. BACKGROUND

### A.    Factual Background

The police's discovery of Broaden's illegal firearm possession stemmed from reports of domestic violence, as recounted below.

On March 1, 2023, Jessica Lawrence told police that she had been in an abusive relationship with Broaden for about two or three months.  Lawrence reported that Broaden threatened her with physical violence and would not let her leave him.  Lawrence stated that on February 27, 2023, Broaden became angry and slapped her, put his arm around her throat, struck her with a pistol, and struck her with an aluminum bat.

Lawrence also reported that on March 1, 2023, she tried to escape Broaden while in a store, but Broaden found her and forced her into his car.  When they arrived at his house, while still in the car, Broaden grabbed a small wooden bat and held it against Lawrence's throat until she began losing consciousness.  Broaden threatened to kill her, refused to let her leave the car, grabbed her by the hair, and began striking her in the face.

Broaden then began driving around as he continued to threaten Lawrence. While at a stoplight, Lawrence opened the car door and stuck her feet outside the vehicle to escape, but Broaden grabbed her arm and pulled her back. He started driving and Lawrence was dragged partially outside the car for a short distance. Broaden then let go of her, and Lawrence fled.

Based on Lawrence's allegations, police obtained a search warrant for Broaden's cars and residence, where they found a pistol, ammunition, a small wooden bat, and marijuana. Broaden was charged with several state crimes, including kidnapping and domestic violence assault. Police interviewed Broaden on March 2, 2023. Broaden admitted that (1) he had several prior felony drug convictions, (2) he usually kept a gun in his vehicle, and (3) he did "a little domestic violence" against Lawrence, which he described as "tussling."

## B.    Indictment and Plea

In October 2023, a federal grand jury charged Broaden with one count of possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1).

Broaden moved to dismiss the indictment, arguing that in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), 18 U.S.C. § 922(g)(1) violated the Second Amendment.

A magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Broaden's motion to dismiss the indictment. The magistrate judge relied on

this Court's decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), which held that 18 U.S.C. § 922(g)(1) is constitutional. The magistrate judge determined that *Bruen* did not abrogate *Rozier*, so the district court was bound by this Court's precedent in *Rozier*.

Broaden did not object to the R&R.  The district court adopted the R&R in full and denied Broaden's motion to dismiss.

Broaden then pled guilty without a plea agreement.

## C.    The Presentence Investigation Report ("PSI")

### 1.    Criminal History

Broaden's PSI included 33 adult criminal convictions for drug offenses, domestic violence, cruelty to children, resisting arrest, driving without a license, public intoxication, driving with an open container, driving under the influence, and assaults, trespass, and harassment against several women.  The PSI also reported that Broaden had ten arrests that did not result in convictions, including for underage drinking, assault, unauthorized use of a vehicle, harassment, domestic violence, and resisting arrest.

Broaden had pending state charges for unlawful imprisonment, domestic violence, strangulation, kidnapping, assault, and reckless endangerment, based on his conduct toward Lawrence.  He also had outstanding warrants for his arrest.

Only ten of Broaden's 33 prior adult convictions yielded criminal history points. Nevertheless, Broaden had 23 criminal history points and the highest possible criminal history score of VI.

2.    Advisory Guidelines Calculations

The probation officer determined that Broaden's base offense level was 20 under U.S.S.G. § 2K2.1(a)(4)(A) because he had at least one prior felony conviction for a crime of violence or a controlled substance offense. The PSI applied (1) a two-level increase because the firearm found in Broaden's possession was reported stolen in 2017, under U.S.S.G. § 2K2.1(b)(4); (2) a four-level increase because Broaden used the firearm in connection with another felony, based on Lawrence's report that Broaden assaulted her with the firearm, under U.S.S.G. § 2K2.1(b)(6); and (3) a three-level decrease for acceptance of responsibility, under U.S.S.G. § 3E1.1(a) and (b). Taken together, this resulted in a total offense level of 23.

With a total offense level of 23 and a criminal history category of VI, Broaden's advisory guidelines range in the PSI was 92 to 115 months of imprisonment. The PSI also noted that his statutory maximum term of imprisonment was 15 years, under 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

3.    Broaden's Objections

Broaden objected to receiving a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B). He argued that his alleged assault of Lawrence with the firearm on February 27, 2023, was three days before the recovery of the firearm on March 2, 2023, and in a

different location.    Thus, Broaden contended that the alleged assault was not a part of the same offense conduct—possession of the firearm by a felon.  The probation officer maintained that the four-level increase was appropriate.[1]

## D.    Sentencing Hearing

At the sentencing hearing, the government stated that it did not have witnesses available to testify about Broaden's alleged assault of Lawrence and conceded that Broaden's objection to the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) should be sustained.  Accordingly, the district court sustained that objection.

After resolving the outstanding factual objections, the district court recalculated Broaden's advisory guidelines range. Without the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B), Broaden's total offense level lowered from 23 to 19.  While his criminal history category remained VI, his advisory guidelines range became 63 to 78 months.

Defense counsel did not raise any mitigation arguments at the sentencing hearing, and Broaden chose to not allocute.

The government recommended an upward-variance sentence of 115 months of imprisonment based on Broaden's "aberrant" criminal history.  The government emphasized that Broaden was involved in nine separate domestic violence incidents

---

[1] Broaden also raised factual objections to the PSI not relevant on appeal.  The government did not object to the PSI.

unrelated to this case and characterized Broaden as someone who "likes hitting women and carrying guns."

The district court imposed a sentence of 105 months of imprisonment. In imposing the sentence, the district court stated:

> [Y]our criminal history is horrendous. You clearly are due a sentence of 105 months in prison. That's what it calls for because my obligation is to sentence you to a sentence which is sufficient but not more than necessary to accomplish the sentencing goals set forth in the federal statutes.

The district court acknowledged that this sentence was below the government's 115-month recommendation but stated that it "landed at 105 months regardless," without further elaboration.

At sentencing, Broaden did not make any objections to the sentence or the manner in which it was imposed.

Broaden timely appealed his conviction and sentence.

## II.  DISCUSSION

### A.    Constitutionality of § 922(g)(1)

On appeal, as in his motion to dismiss the indictment below, Broaden argues that § 922(g)(1) violates the Second Amendment, relying on the Supreme Court's reasoning in *Bruen*. Broaden argues that § 922(g)(1) is unconstitutional as applied to him and the district court erred in denying his motion to dismiss the indictment.

A defendant's guilty plea does not bar him from challenging the constitutionality of the statute of conviction on direct appeal.

*Class v. United States*, 583 U.S. 174, 178 (2018). We ordinarily "review challenges to the constitutionality of a statute *de novo*." *United States v. Dubois*, 139 F.4th 887, 890 (11th Cir. 2025) ("*Dubois II*") (citing *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021)).

However, when a defendant fails to object to a magistrate judge's findings or recommendations contained in an R&R, as Broaden did here, he waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions, and this Court may review those conclusions only for plain error.[2] *See* 11th Cir. R. 3-1.

In any event, Broaden cannot show error, plain or otherwise, because this Court in *Rozier*, and later in *Dubois II*, already rejected his constitutional challenge.[3]

Starting in *Rozier*, this Court held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional

---

[2] The plain-error standard requires the defendant to show: (1) an error occurred; (2) the error was plain; and (3) the error affected her substantial rights. *See United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024) (en banc). If the defendant makes this showing, we have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* This Court does not reverse based on errors that are harmless or that do not affect the outcome of the proceeding. *See* Fed. R. Crim. P. 52(a), (b); *Steiger*, 99 F.4th at 1322.

[3] The *Dubois II* Court issued its opinion during briefing in this appeal. The government responded with the benefit of the Court's opinion in *Dubois II*. Broaden did not file a reply brief.

avenue to restrict the Second Amendment right of certain classes of people[,]" such as felons. 598 F.3d at 771. The *Rozier* Court relied in part on the following statement in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008): "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* The *Rozier* Court explained that this statement "suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* In *Rozier*, this Court also rejected the defendant's argument that this statement from *Heller* was merely dicta and should not be afforded authoritative weight. *Id.* at 771 n.6.

Broaden argues that the Supreme Court's decisions in *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024), abrogated *Rozier*. The problem for Broaden is that our Court's *Dubois II* decision already rejected this argument. There, this Court relied on the Supreme Court's remark in *Rahimi* that it "was not suggesting that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Dubois II*, 139 F.4th at 892 (quoting *Rahimi*, 602 U.S. at 698) (alteration adopted). And *Rahimi* reiterated that "prohibitions on the possession of firearms by felons and the mentally ill . . . are presumptively lawful." *Id.* (quotation marks omitted). These statements "confirm[ed] that *Rozier* remains good law." *Id.* at 893. *Rozier* thus continued to bind the *Dubois II* Court and foreclosed Dubois's constitutional challenge to § 922(g)(1) as a violation of the Second

Amendment. *Id.* at 894. In *Dubois II*, this Court concluded that it needs "clearer instruction from the Supreme Court before [it] may reconsider the constitutionality of section 922(g)(1)." *Id.*

"Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by us sitting *en banc*." *Laguna Rivera v. U.S. Att'y Gen.*, 130 F.4th 915, 919 (11th Cir. 2025) (citation omitted). And that rule "applies even if the prior panel did not have the benefit of hearing a particular argument on an issue." *Id.* (citation omitted). We thus must reject Broaden's Second Amendment challenge to 18 U.S.C. § 922(g)(1) because it is foreclosed by our holdings in *Rozier* and *Dubois II*.

## B.     Procedural Reasonableness — § 3553(c)(2)

Broaden argues that the district court did not adequately explain its reasons for its upward-variance sentence, as required under 18 U.S.C. § 3553(c)(2), rendering his 105-month sentence procedurally unreasonable.

The district court always must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "If the district court imposes a sentence outside the guidelines range, then the district court must state orally during the sentencing hearing 'the specific reason for the imposition of a sentence different from' the guidelines range." *United States v. Steiger*, 99 F.4th 1316, 1321 (11th Cir. 2024) (en banc) (quoting 18 U.S.C. § 3553(c)(2)). The district court must also state those

reasons "with specificity in a statement of reasons form." 18 U.S.C. § 3553(c)(2).

The purpose of requiring the district court to explain adequately its chosen sentence is "to allow for meaningful appellate review." *Steiger*, 99 F.4th at 1321 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). "A sentence is procedurally unreasonable if the district court fails to adequately explain the sentence, including any variance from the guidelines range." *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023) (discussing 18 U.S.C. § 3553(c)(2)).

To preserve a challenge to the procedural reasonableness of a sentence, a defendant must clearly state the grounds on which the objection is made in the district court, or she waives the objection. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). "A sweeping, general objection is insufficient to preserve specific sentencing issues for review." *Id.* at 1238.

When a defendant fails to object to a § 3553(c)(2) error, this Court reviews the unpreserved claim only for plain error. *See Steiger*, 99 F.4th at 1322. In *Steiger*, the Court explained that "a Section 3553(c) error does not affect a defendant's substantial rights if the record is clear enough to allow meaningful appellate review of the sentence." *Id.* at 1325. Accordingly, "a Section 3553(c) error warrants reversal under plain error review only when the district court's reasoning is unclear on the face of the record." *Id.* If "[a] reasonable person familiar with the sentencing record would

understand" the reasons for the above-guidelines sentence, the defendant cannot establish plain error.  *Id.* at 1326.

Here, Broaden did not object to a § 3553(c)(2) error below, so we review only for plain error.  *See id.* at 1322.  And Broaden has not shown that the district court plainly erred.  *See id.* at 1325.

Broaden's recalculated advisory guidelines range was 63 to 78 months, so the upward variance was 27 months.  At the sentencing hearing, the district court explained that it was imposing a 105-month sentence because Broaden's criminal history was "horrendous," and a 105-month sentence was "sufficient but not more than necessary to accomplish the sentencing goals set forth in the federal statutes."  The district court thus gave a specific reason: Broaden's criminal history was horrendous.  Although brief, this statement is sufficient "to allow for meaningful appellate review," and thus satisfies § 3553(c).  *See id.* at 1321.

In any event, Broaden has not shown plain error because the district court's reasoning is even clearer from the record as a whole.  *See id.* at 1325-27.  Broaden had a lengthy criminal history of 33 adult criminal convictions, including a pattern of violence toward women.  Yet, only ten of those convictions yielded criminal history points and even so, Broaden's criminal history category was still VI with those ten convictions alone.  While not generating points, those 23 other convictions were part of the "horrendous" criminal history that the district court found warranted an above-advisory-guidelines sentence.  For these reasons, the district

court committed no reversible procedural error in imposing Broaden's sentence.

## C.    Substantive Reasonableness

Broaden also challenges the substantive reasonableness of his 105-month sentence. We review the substantive reasonableness of a sentence for an abuse of discretion considering the § 3553(a) factors and the totality of the circumstances.[4] *Oudomsine*, 57 F.4th at 1266. The party challenging the sentence, here Broaden, bears the burden of establishing that it is unreasonable. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

"A district court abuses its discretion" and imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)

---

[4] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

(en banc) (citing *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

"To arrive at an appropriate sentence, the district court must consider all of the applicable § 3553(a) factors." *Rosales-Bruno*, 789 F.3d at 1254 (citing *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009)). "That does not mean, however, that it must give all of the § 3553(a) factors equal weight." *Id.* The district court may attach great weight to one § 3553(a) factor over others, and the weight it assigns to any particular factor is within its sound discretion. *Id.* Furthermore, the district court need not explicitly state that it considered the § 3553(a) factors, so long as the record indicates that the court did, in fact, consider a number of the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

The district court has wide discretion to impose an upward variance based on the § 3553(a) factors. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). If the district court determines that an upward variance is warranted, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. While we may consider the extent of the variance, we do not require extraordinary circumstances to justify a sentence outside the advisory guidelines range or presume that such a sentence is unreasonable. *Id.* at 47; *Irey*, 612 F.3d at 1186-87.

Ultimately, we will vacate a defendant's sentence as substantively unreasonable only if we are "left with the definite and

firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

Here, Broaden argues that his 105-month sentence, which is 27 months higher than his advisory guidelines range, is substantively unreasonable because the district court solely focused on Broaden's criminal history without regard to the other sentencing factors or the amount of variance from the guidelines range.

After thorough review, we conclude that Broaden has not shown that the district court abused its discretion by sentencing him to 105 months of imprisonment. *See id.* at 1189. Broaden had a lengthy criminal history, including a pattern of violent behavior. The district court was well within its discretion to give significant weight to his criminal history. *See Rosales-Bruno*, 789 F.3d at 1254.

The district court was not required to state it considered all the § 3553(a) factors. *See Dorman*, 488 F.3d at 944. The record shows that the district court considered factors other than Broaden's criminal history. For example, the district court clearly contemplated the purposes of punishment because it stated that a 105-month sentence was not greater than necessary to "accomplish the sentencing goals set forth in the federal statutes." *See* 18 U.S.C. § 3553(a)(2).

Furthermore, the district court properly calculated his advisory guidelines range and clearly kept it in mind when

imposing its sentence.  *See id.* § 3553(a)(4)(A).  The district court also assessed to what extent a variance from the guidelines was appropriate because the district court rejected the government's recommendation to vary further and impose a 115-month sentence.  *See Gall*, 552 U.S. at 50.

Additionally, Broaden's 105-month sentence was well below the 15-year (180-month) statutory maximum for his offense, which is another indication that his sentence is reasonable.  *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).  Under the circumstances, we cannot say the district court's decision to impose a 105-month sentence was an abuse of discretion.  *See Irey*, 612 F.3d at 1190.

### III.  CONCLUSION

For the above reasons, we affirm Broaden's § 922(g)(1) conviction and 105-month prison sentence.

**AFFIRMED.**